IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY A. AUVE,** | : | **CIVIL NO. 1:CV-04-0650** |
| Plaintiff | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **DEPUTY KNIESS, MR. HORNUG,** | : | |
| **MR. WALL, and MR. UNELL,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

      Before the court is a June 1, 2005, report of the magistrate judge in which he recommends that summary judgment be granted with respect to Defendants Wall, Hornug and Unell and denied with respect to Plaintiff's claim against Defendant Kniess. Defendant Kniess has filed objections to the report and recommendation. Plaintiff did not respond to the objections.

      The claim against Defendant Kniess is a claim of retaliation by Kniess against Plaintiff's exercise of his First Amendment rights. Plaintiff filed a civil suit against certain individuals in the dental department at SCI Dallas. He claims that in retaliation for filing that suit, Kniess has prevented him from working in the prison craft shop at SCI Mahanoy.

      Defendant Kniess, in his objections to the report and recommendation, raises the following issues: (1) that Plaintiff's evidence consists of inadmissible hearsay or statements unsupported by evidence, and (2) the undisputed facts show

that the decision regarding Plaintiff's work assignment was based on legitimate Department of Corrections policy, security concerns, and Plaintiff's own behavior. Federal Rule of Civil Procedure 56(e) requires, in part, that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence . . . ."

Some of Plaintiff's allegations are based on hearsay.  For instance, Plaintiff states in his brief that prior to his transfer to SCI Mahanoy, CO Eiswerth and another CO told him that they were "going to call his buddy Kniess" so that Plaintiff would not be placed in the Mahanoy craft shop.  (Doc. 50, Plf.'s Brief in Opp. at pp. 3-4.)  Elsewhere Plaintiff states Defendant Unell told him that, according to Defendant Kniess, Plaintiff was not going to get a craft shop position.  (Doc. 31, Debs' SMT. of Mat'l Facts, Ex. E, at pp. 5-6.)  There are other examples of hearsay relied upon by Plaintiff which will not be recounted here.

Plaintiff claims that Kniess' reasons for not allowing his craft shop assignment – security reasons and assaultive behavior – were unfounded.  Plaintiff points out that the alleged assaultive conduct charges against him were dismissed. Therefore, these reasons are pretextual.  The fact that alleged assaultive misconduct was dismissed does not negate Kniess' concern for assaultive behavior.  Plaintiff has a criminal history of assaultive behavior.  (Doc. 31, Debs' SMT. of Mat'l Facts, ¶ 3 at  p.2.)  Placement in the craft shop gave Plaintiff exposure to various tools that could be used as weapons.  A person with a history of assaultive behavior could pose a threat of security risk to the institution.   Furthermore, there were other legitimate reasons set forth which were explained to Plaintiff as to why he did not get the craft shop assignment.

SCI Mahanoy policy required capable inmates to work in the Food Service Department as their first assignment off the housing unit and to receive a satisfactory job performance. (Doc. 31, Debs' SMT. of Mat'l Facts, P 11 at p. 4.) The policy also required inmates to demonstrate progress in job habits, work attitude, and prior job performance before being considered for a job transfer. (Doc. 31, Debs' SMT. of Mat'l Facts, ¶ 12, at p. 4.) These procedures were outlined for Plaintiff. (Doc. 31, Debs' SMT. of Mat'l Facts, ¶ 18 at p. 6.)

In June 2002, Plaintiff was issued a misconduct for refusing to work at his kitchen assignment. He was placed on unassigned status effective July 1, 2002. (Doc. 31, Debs' SMT. of Mat'l Facts, ¶ 20, at p. 7.) Plaintiff's work assignments were dictated by his own actions or inactions or prison policy and security concerns.

In *Mount Healthy Bd. Of Education v. Doyle*, 429 U.S. 274 (1977), the Supreme Court provided a burden shifting framework for First Amendment retaliation claims. Under *Mount Healthy*, the plaintiff has the initial burden of showing that the constitutionally protected conduct was a "substantial" or "motivating factor" in the relevant decision. *Id.* at 287. If the plaintiff is able to meet her burden, the burden shifts to the defendant to show "by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct." *Id.*

In *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001), the Third Circuit Court of Appeals joined with other circuit courts and incorporated *Mount Healthy* burden shifting framework into the prison context. In incorporating the *Mount Healthy* burden shifting framework into the prison context, the Third Circuit provided that the deferential standard articulated in *Turner v. Safley*, 482 U.S. 78, 79

(1987), still applied.[1]  Thus, according to the Third Circuit, "once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser*, 241 F.3d at 334.

For the foregoing reasons, as established by Defendants' unopposed statement of material facts, Plaintiff's failure to be placed in the craft shop was based upon legitimate penological reasons and not for retaliatory reasons.  Accordingly, **IT IS HEREBY ORDERED THAT**:

1) The court adopts in part and rejects in part the report and recommendation of Magistrate Judge Blewitt.

   a) The report is adopted as to the recommendation that summary judgment be granted in favor of Defendants Wall, Hornug and Unell.

   b) The report is rejected as to the recommendation that summary judgment be denied to Defendant Kniess.

2) Defendants' motion for summary judgment is granted and the Clerk of Court shall enter judgment in favor of all Defendants and against Plaintiff.

3) The Clerk of Court shall close the file.

---

[1] In *Turner,* the Supreme Court provided that a prison regulation validly impinges on a prisoner's constitutional rights if it is "reasonably related to legitimate penological interests." *Id.* at 89; *see also Rauser*, 241 F.3d at 334.

4) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: August 12, 2005.